IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.  08-cv-02708-REB-KLM

VONNE I. TORREZ,

     Plaintiff,

v.

CLIFFORD E. ELEY,

     Defendant.

_____

### RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court on **Defendant's Amended Motion to Dismiss**
[Docket No. 11; Filed January 23, 2009] (the "Motion"). Pursuant to 28 U.S.C.

§ 636(b)(1)(A) and D.C.COLO. LCivR. 72.1.C. the Motion has been referred to this Court

for recommendation.  The Court has reviewed the Motion, Plaintiff's **Response to Motion**

**to Dismiss** [Docket No. 7; Filed January 23, 2009], the entire case file and applicable case

law and is sufficiently advised in the premises.  Accordingly, for the reasons set forth below,

the Court **RECOMMENDS** that the Motion be **GRANTED**.

### I.  Background

Both parties in this action are proceeding *pro se*.  Plaintiff's complaint arises from

Defendant's role as trustee in a bankruptcy case where Plaintiff was a creditor and the

debtor was Charles Dickinson.   The events alleged in the complaint occurred in 1996 and

1997.  *Complaint* [#1] at 3, 5-9**.**  Plaintiff claims that Defendant failed to faithfully perform

his duties as a Trustee. *Id.* at 3. She alleges that Defendant did not treat her and Dickinson equally and fairly. *Id.* According to Plaintiff, Defendant made false representations to her about the dates and times of meetings and dates to file a complaint to oppose discharge of the debt. *Id.* at 4. Plaintiff asserts that because of Defendant's conduct, Plaintiff lost her case against the debtor in the Tenth Circuit Court of Appeals. *Id.* at 3. Plaintiff brings claims for breach of trust and fiduciary duty, fraud, misrepresentation, and concealment or deceit. *Id.* at 3-11.

Plaintiff has filed a number of previous cases against Defendant, raising the same factual allegations and legal claims. Plaintiff filed her first case against Defendant in Larimer County District Court on November 12, 2003. *Complaint* [#1] at 15; *Response* [#7], Ex. F. On January 15, 2004, the Larimer County District Court dismissed the case as barred by the statute of limitations. *Complaint* [#7] at 15; *Response* [#7], Ex. B. The dismissal was affirmed on appeal in *Torrez v. Edwards*, 107 P.3d 1110 (Colo. App. 2004) *(Torrez I).*

On June 16, 2004, Plaintiff filed her second action against Defendant in Larimer County District Court. *Complaint* [#1] at 15. She asserted the same factual allegations and bases for relief, but added a claim under the Colorado Consumer Protection Act. *Response* [#7], Ex. G. The district court again dismissed the action, ruling that it lacked subject matter jurisdiction, and awarded Defendant fees and costs because Plaintiff's case was frivolous, groundless and vexatious. *Torres v. Eley*, No. 07CA1849, at 2 (Colo. App. July 31, 2008)(unpublished decision)(*Torrez III).* The dismissal was affirmed in *Torrez v. Eley,* No. 04CA1894 (Colo. App. May 18, 2006)(unpublished decision)(*Torrez II*).

Plaintiff then filed a case against Defendant in Arapahoe County District Court on May 30, 2007. *Complaint* [#1] at 17. Plaintiff alleged virtually the same set of facts and

causes of actions raised in the previous cases. *Torrez III at 2.* The district court dismissed the case for lack of subject matter jurisdiction and concluded that the litigation was groundless and frivolous. *Id.* at 3. The Colorado Court of Appeals affirmed the dismissal. *Id.*

## II. Analysis

Defendant moves to dismiss the complaint based on the statute of limitations and because it is frivolous, groundless and vexatious. An affirmative defense based on the statute of limitations can be resolved on a Rule 12(b)(6) motion to dismiss if the relevant facts are clear from the face of the complaint. *Aldrich v. McCulloch Prop. Inc.,* 627 F.2d 1036, 1041 (10th Cir. 1980); *General Steel Domestic Sales, LLC v. Denver/Boulder Better Business Bureau,* Nos. 07-cv-1145-DME-KMT, 07-cv-02170, 2009 WL 535780, at *8 (D. Colo. Mar. 2, 2009).

The purpose of a motion to dismiss pursuant to Rule 12(b)(6) is to test "the sufficiency of the allegations within the four corners of the complaint after taking those allegations as true." *Mobley v. McCormick,* 40 F.3d 337, 340 (10th Cir. 1994). To survive a Rule 12(b)(6) motion, "[t]he complaint must plead sufficient facts, taken as true, to provide 'plausible grounds' that discovery will reveal evidence to support the plaintiff's allegations." *Shero v. City of Grove, Okla.,* 510 F.3d 1196, 1200 (10th Cir. 2007) (citing *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007)). "The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted." *Sutton v. Utah State Sch. for the Deaf & Blind,* 173 F.3d 1226, 1236 (10th Cir. 1999) (citation omitted).

Because Plaintiff is proceeding *pro se*, the Court must construe her filings liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be the *pro se* litigant's advocate, nor should the Court "supply additional factual allegations to round out [the *pro se* litigant's] complaint or construct a legal theory on [his or her] behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (citing *Hall*, 935 F.2d at 1110). In addition, *pro se* litigants must follow the same procedural rules that govern other litigants. *Nielson v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994).

Under Colorado law, the statute of limitations for breach of fiduciary duty, fraud and misrepresentation claims is three years after the cause of actions accrue. Colo. Rev. Stat. § 13-80-101(1)(c) & (f) (2008). A cause of action for breach of fiduciary duty accrues on the date the "'claimant has knowledge of facts which would put a reasonable person on notice of the nature and extent of an injury and that the injury was caused by the wrongful conduct of another.'" *Colburn v. Kopit,* 59 P.3d 295, 296-97 (Colo. App. 2002) (citation omitted). Fraud and misrepresentation claims accrue when the plaintiff begins to suffer some injury as a result of her reliance on the misrepresentation or fraud. *Duell v. United Bank of Pueblo*, 892 P.2d 336, 340 (Colo. App. 1994).

All of the actions alleged in the complaint occurred between August 1, 1996 and May 1, 1997 during a bankruptcy proceeding. *Complaint* [#1] at 3, 5-9. Plaintiff did not file this action until December 2008, well outside the three-year statute of limitations. Plaintiff does not assert that her causes of action accrued within three years prior to the filing of the subject complaint. Instead, Plaintiff argues that her claims are not barred, citing Colo. Rev. Stat. § 13-80-111, which permits a plaintiff to refile an action within ninety days of the

termination of an original action for lack of jurisdiction or improper venue.  *See Phillips v. Harrison*, No. 02cv01201WDMB, 2005 WL 1773952, at *2 n.4 (D. Colo, July 26, 2005).

Plaintiff's argument is unavailing.  First, her initial state court action was not filed until November 12, 2003, six years after the events cited in her complaint.  *Complaint* [#1] at 15. The first state court action was not dismissed for lack of jurisdiction or improper venue, but rather on statute of limitations grounds.  Thus, Colo. Rev. Stat. § 13-80-111 is inapplicable. Finally, the fact that Plaintiff has been litigating her claims since 2003 does not toll the statute of limitations.   In Colorado, "[g]enerally when a statute does not specifically allow for the tolling of a statute of limitations during the pendency of a prior action, a party cannot deduct from the period of the statute of limitations applicable to [her] case the time consumed by the pendency of an action in which [she] sought to have the matter adjudicated ..." *King v. W.R. Hall Transp. & Storage Co.*, 641 P.2d 916, 920 (Colo. 1982); *see also Cooke v. G.D. Searle & Co.,* 759 F.2d 800, 805 (10th Cir. 1985)(recognizing that Colorado law disfavors tolling during pendency of prior action).  Plaintiff's claims are barred by the statute of limitations.

## III. Conclusion

For the reasons stated above, the Court **RECOMMENDS** that the **Defendant's Amended Motion to Dismiss** [#11] be **GRANTED**.

IT IS FURTHER **ORDERED** that pursuant to Fed. R. Civ. P. 72, the parties shall have ten (10) days after service of this Recommendation to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned.  A party's failure to serve and file specific, written objections waives *de novo* review of the

Recommendation by the District Judge, Fed. R. Civ. P. 72(b); *Thomas v. Arn*, 474 U.S. 140,

147-48 (1985), and also waives appellate review of both factual and legal questions. *Makin*

*v. Colo. Dep't of Corr.*, 183 F.3d 1205, 1210 (10th Cir. 1999); *Talley v. Hesse*, 91 F.3d 1411,

1412-13 (10th Cir. 1996). A party's objections to this Recommendation must be both timely

and specific to preserve an issue for *de novo* review by the District Court or for appellate

review. *United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1060 (10th Cir. 1996).

Dated:  April 28, 2009

                                        BY THE COURT:

                                         s/ Kristen L. Mix
                                        U.S. Magistrate Judge